**ROSEN & ASSOCIATES, P.C.**
*Proposed Counsel to the Debtor and*
 *Debtor in Possession*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE FASHIONS, INC.,<br><br>                                      Debtor. | Chapter 11<br><br>Case No. 19-23079-rdd |

**DECLARATION OF DORON ZABARI PURSUANT TO**
**RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**DORON ZABARI**, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am the President and Vice-President of Prince Fashions, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**"), and am familiar with the Debtor's day-to-day operations, financial and business affairs and books and records.

2. I submit this declaration (the "**Declaration**") pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") in support of the Debtor's petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), to assist this Court and other parties in interest in understanding the circumstances giving rise to the commencement of this chapter 11 proceeding.

3. Except as otherwise indicated, all references to the Bankruptcy Code, Bankruptcy Rules and Local Rules set forth herein, are made in conjunction with the advice of

counsel, and all facts contained herein are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations. If called upon to testify, I would testify competently to the facts set forth below.

## INFORMATION REQUIRED BY LOCAL RULE 1007-2

4. Local Rule 1007-2 requires the Debtor to disclose certain information, which is set forth below and within the schedules annexed hereto. Unless otherwise indicated, the financial information contained herein is unaudited.

**Local Rule 1007-2(a)(1): Nature of the Debtor's Business & Brief Statement of Events Leading to the Chapter 11 Filing**

5. The Debtor is a corporation, organized in 1974 under the laws of the state of New York. The Debtor, as tenant, occupies a parcel of commercial real estate, comprised of the ground floor and basement space, at 542 Broadway, New York, New York 10012 (the "**Premises**") pursuant to a 99-year lease (with two 50-year renewal options) dated April 11, 1980 (the "**Lease**") with 542 Holding Corp. (the "**Co-Op**"), as landlord.[1] The Co-Op, is a cooperative housing corporation and owner of the building in which the Premises are located.

6. Since its formation, the Debtor has either directly occupied and conducted business from the Premises, or otherwise sub-leased portions of the Premises to sub-tenants.

7. Since 1994, the Premises have been divided into two separate retail spaces (the North Store and the South Store), pursuant to an agreement between the company's officers. Since then, M.K. Sportswear, Inc. ("**MK**"), a shareholder of the Debtor, has been operating and in control of the North Store.

---

[1] The Lease was duly assigned to the Debtor by 542 Equity Associates pursuant to an *Assignment of Lease* executed on April 11, 1980, concomitant with the Lease.

2

8.  In May of 2015, the Co-Op sold its interest in the Premises to 60G 542 Broadway Owner, LLC ("**60G**"), which, upon information and belief, planned to convert the Premises into a retail condominium unit, financed with the proceeds of a $12,900,000 secured loan from Meadow Partners LLC.[2]

9.  Shortly after taking title to the Premises, 60G immediately acted to terminate the Debtor's tenancy, in a blatant attempt to deprive the Debtor of its valuable leasehold interest at all cost. To that end, 60G issued a series of default notices starting in March of 2016 that spawned a litany of contentious, time consuming and expensive litigation in various state court proceedings.[3] Attached hereto as *Schedule 1,* is a schedule summarizing the posture of the relevant legal proceedings with 60G.

10. At its core, 60G's campaign to evict the Debtor from the Premises is based upon allegations that the Debtor breached the terms of the Lease by, *inter alia*, failing to maintain general liability insurance for the entire period of time since 60G acquired ownership rights to the Premises. However, the alleged defaults are nothing more than a pre-text, motivated by 60G's desire to reap a windfall by owning the Premises free and clear of the Debtor's rights as tenant under the Lease.[4]

11. Notably, although a judgment of possession and warrant of eviction in 60G's favor have been issued by the New York City Civil Court,[5] the judgement has been subject

---

[2] Upon further information and belief, the loan is subordinate to the Lease that was duly recorded in 1980.
[3] Prior to 60G's acquisition of the Premises, the Debtor had a history of legal disputes with the Co-Op based upon similar illusory claims of default.
[4] Indeed, the motive behind 60G's illusory claims is directly expressed in the loan documents between 60G and Meadow Partners LLC, which include covenants specifically requiring 60G to "diligently prosecute … termination of [the Lease] in the utilization of the Premises on arms-length, market rental terms." *See* V. FORECLOSURE COMPL., *542 Broadway Lender LLC v. 60G 542 Broadway Owner, LLC, et al.*, Index No. 850017/2017 (N.Y. Sup. Ct. 2017) [NYSCEF Doc. No. 1], Ex. A at 20.
[5] *60G 542 Broadway Owner, LLC, v. Prince Fashions, Inc., et al.* (L&T Index No. 69380/2016).

3

to extensive appellate litigation, having been overruled and/or reversed on appeal two times thus far.

12. As of the date of the filing of the Debtor's bankruptcy petition, two motions were pending in the New York state courts that, if granted, would prevent execution of the warrant of eviction. One motion, pending in the New York Supreme Court action styled, *Prince Fashions, Inc. v. 60G 542 Broadway Owner, LLC* (Index No. 651255/2016), is the Debtor's motion to renew its motion for a *Yellowstone* injunction,[6] premised upon the Debtor's subsequent acquisition of retroactive insurance, curing the alleged insurance default. In addition, a motion to vacate the judgment and warrant of eviction at issue is pending in the Civil Court for the City of New York, in an action styled, *60G 542 Broadway Owner, LLC v. Prince Fashions, Inc., et al* (L&T Index No. 69380/2016), brought by MK for 60G's failure to name them in the petition and serve MK in the action. Prince has joined in MK's motion.

13. To date, the Debtor has incurred over $600,000 in legal fees in the recent years defending its leasehold interest against the Co-Op and 60G. Confronted with the imminent risk of losing its only asset and sole source of revenue, the Debtor petitioned this Court for relief on May 29, 2019 (the "**Petition Date**") in hopes of utilizing the protections of chapter 11 of the Bankruptcy Code to preserve its assets as a going concern and reorganize its operations in an orderly fashion.1

---

[6] "The purpose of a *Yellowstone* injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold." *Long Island Gynecological Service, P.C. v. 1103 Steward Ave. Assocs. Ltd. P 'ship,* 224 A.D. 2d 591, 593, 638 N.Y.S. 2d 959 (2d Dep't 1996).

14. Since the Petition Date, the Debtor has retained the assistance of bankruptcy counsel,[7] and has continued to operate its business and manage its affairs in the ordinary course as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15. As part of its reorganization strategy, the Debtor intends to request relief from this Court to expeditiously adjudicate the remaining matters in order to vacate the judgment and warrant of eviction, and assume the Lease under section 365 of the Bankruptcy Code and in accordance with a plan of reorganization that benefits all creditors and parties of interest.

**Local Rule 1007-2(a)(4): The Debtor's Twenty Largest Unsecured Claims**

16. Pursuant to Local Rule 1007-2(a)(4), a debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the debtor's accounts, if any; the amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured. Attached hereto as *Schedule 2,* is a schedule setting forth such information.

**Local Rule 1007-2(a)(5): The Debtor's Five Largest Secured Claims**

17. Pursuant to Local Rule 1007-2(a)(5), a debtor is required to set forth with respect to each of the holders of its five (5) largest secured claims, each secured creditor's name, address, the amount of its claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed. The Debtor submits that upon information and belief, Local Rule 1007-2(a)(5) is not applicable to this chapter 11 case.

---

[7] Subject to the Court's approval.

**Local Rule 1007-2(a)(6): Summary of Assets and Liabilities**

18.     Pursuant to Local Rule 1007-2(a)(6), a debtor is required to set forth a summary of its assets and liabilities. Attached hereto as *Schedule 3,* is a schedule summarizing such information.

**Local Rule 1007-2(a)(7): Schedule of Publicly Held Securities**

19.     Pursuant to Local Rule 1007-2(a)(7), a debtor is required to disclose whether any of the debtor's securities are publicly held. The Debtor submits that Local Rule 1007-2(a)(7) is not applicable to this chapter 11 case as it has no such securities.

**Local Rule 1007-2(a)(8): Schedule of Property Not in Debtor's Possession**

20.     Pursuant to Local Rule 1007-2(a)(8), a debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding relating thereto is pending. The Debtor submits that Local Rule 1007-2(a)(8) is not applicable to this chapter 11 case because no property is in the possession or custody of any such entity

**Local Rule 1007-2(a)(8): Schedule of Leased Premises**

21.     Pursuant to Local Rule 1007-2(a)(9), a debtor is required to set forth a list of the premises owned, leased, or held under other arrangement from which it operates its business. Attached hereto as *Schedule 4,* is a schedule summarizing such information.

**Local Rule 1007-2(a)(10): Location of Debtor's Substantial Assets and Books and Records**

22.     Pursuant to Local Rule 1007-2(a)(10), a debtor is required to disclose the location of its substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States. The Debtor

submits that its only substantial asset is its leasehold interest in the Premises (542 Broadway, New York, New York 10012). The Debtor's books and records are located at 10 Pershing Avenue, Yonkers, New York 10705, and the Debtor owns no assets outside the territorial limits of the United States.

**Local Rule 1007-2(a)(11): Schedule of Pending and Threatened Lawsuits**

23. Pursuant to Local Rule 1007-2(a)(11), a debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. The Debtor refers the Court to *Schedule 1*, as well as the above discussion regarding past and present litigation where a judgment against the Debtor or its property was or is currently imminent. Further, the Debtor submits that the only imminent threat of seizure of the Debtor's property relates to the execution of the warrant of eviction that has been issued with respect to the alleged insurance default.

**Local Rule 1007-2(a)(12): Senior Management Engaged in Operations**

24. Pursuant to Local Rule 1007-2(a)(12), a debtor is required to disclose the names of the individuals who comprise its respective existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience.

25. As discussed above, I currently serve as the Debtor's President and Vice President, and in my capacity manage all aspects of the Debtor's business and financial affairs. I have been serving in both positions since 1995.

**Local Rule 1007-2(b): Debtor Cash Flow for Thirty-Day Period**

26. Pursuant to Local Rule 1007-2(b), a debtor is required to disclose, with respect to the thirty-day period following the date of the filling of the petition: (i) the estimated amount of weekly payroll to employees; (ii) the amount proposed to be paid to officers,

stockholders or directors and to any financial or business consultants; and (iii) a list of estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid. Attached hereto as *Schedule 5*, is a schedule summarizing such information.

Dated: Yonkers, New York
      July 12, 2019

                                                           /s/ Doron Zabari
                                                           Doron Zabari

# Schedule 1

## Litigation Summary

| Action or Proceeding | Nature of the Action | Status of Action |
|---|---|---|
| *Prince Fashions, Inc. v. 60G 542 Broadway Owner, LLC*<br><br>Index No. 651255/2016 (N.Y. Sup. Ct. 2018) (the "*Supreme Court*") | *Yellowstone* action[1] to bar 60G from terminating the Lease pending resolution of the underlying merits. | Initial order, dated June 30, 2016 (the "*Supreme Court Order*") granted *Yellowstone* relief in part, excluding the alleged insurance default. |
| | | However, a motion for renewal is pending before the court premised upon the Debtor's subsequent cure of the alleged default by virtue of having obtained retroactive insurance. |
| *60G 542 Broadway Owner, LLC v. Prince Fashions, Inc., et al.* (the "*Holdover Proceeding*")<br><br>L&T Index No. 69380/2016 (N.Y.C. Civ. Ct. 2016) | Holdover proceeding in the New York City Civil Court seeking final judgment of possession and warrant of eviction. | Judgement of possession (through summary judgment order) in 60G's favor entered on September 20, 2017 (the "*Summary Judgment Order*"). |
| | | By Decision/Order, dated February 9, 2018 (the "*Renewal Order*") the court granted the Debtor's motion to renew, reversing the Summary Judgment Order and reinstating the Debtor's affirmative defenses. |
| *Prince Fashions, Inc. v. 60G 542 Broadway Owner, LLC*<br><br>Index No. 651255/16 (N.Y. App. Div. 2018) | The Debtor's appeal of the Supreme Court Order to the Appellate Division, First Department. | Appellate Division affirmed the Supreme Court Order on April 18, 2017. |
| *60G 542 Broadway Owner, LLC v. Prince Fashions, Inc., et al.* | 60G's appeal of the Renewal Order to the Appellate Term, First Department. | By Decision/Order, dated October 29, 2018 (2018 NY Slip Op 51498 (U) (App. Term. Oct. 29, 2018) (the "Appellate Term Order"), the Appellate Term reversed the Renewal Order. |
| L&T Index No. 69380/2016<br>NY County Clerk No. 570157/18<br>(N.Y. App. Term 2018) | The Debtor moved to reargue the Appellate Term Order or leave to appeal the Appellate Term Order to the Appellate Division | Temporary stay was issued by the Appellate Division, First Department in connection with the Debtor's motion |
| *Prince Fashions, Inc. v. 60G 542 Broadway Owner, LLC*<br><br>Index No. 651255/16, Appellate Division Case No 2019-5 (N.Y. App. Div. 2019) | The Debtor moved to extend the time to perfect appeal of the Appellate Term Order. | By Decision/Order, dated May 14, 2019, the Appellate Division denied motion to appeal and vacated the temporary stay. |

---

[1] A "*Yellowstone*" action is an action based on the New York case *First Nat'l Stores v. Yellowstone Shopping Ctr.*, 2l N.Y.2d 630, 237 N.E.2d 868, 290 N.Y.S.2d 721 (N.Y. 1968). "The purpose of a Yellowstone injunction is to allow a tenant confronted by a threat of termination of the lease to obtain a stay tolling the running of the cure period so that after a determination of the merits, the tenant may cure the defect and avoid a forfeiture of the leasehold." *Long Island Gynecological Service, P.C. v. 1103 Steward Ave. Assocs. Ltd. P'ship,* 224 A.D. 2d 591, 593, 638 N.Y.S. 2d 959 (2d Dep't 1996).

# Schedule 2

## Twenty Largest Unsecured Claims[2]

| Name of creditor and complete mailing address, including zip code | Name and telephone number of creditor contact | Nature of claim | Contingent, unliquidated, or disputed | Amount of claim (estimated) |
|---|---|---|---|---|
| Cohen, Labarbera & Landrigan, LLP<br><br>90 Brookside Avenue<br>Chester, NY 10918 | Ronald Cohen, Esq.<br><br>(845) 291-1900 | Professional Services | n/a | $ 15,000.00 |
| Herrick Feinstein LLP<br><br>2 Park Avenue<br>New York, NY 10016 | Scott E. Mollen, Esq.<br><br>(212) 592-1505 | Professional Services | n/a | $ 233,936.77 |
| Melito & Adolfsen P.C.<br><br>233 Broadway<br>New York, NY 10279 | Louis Adolfsen, Esq.<br><br>(212) 238-8900 | Professional Services | n/a | $ 18,000.00 |
| Warshaw Burstein, LLP<br><br>555 Fifth Avenue<br>New York, NY 10007 | Bruce Wiener, Esq.<br><br>(212) 984-7878 | Professional Services | n/a | $ 591,692.43 |

---

[2] The Debtor requests the right to supplement and/or amend this list upon further review.

# Schedule 3

## Summary of Assets and Liabilities

(unaudited)

| Assets | | |
|---|---|---|
| Cash and cash equivalents | $ | 15,000.00 |
| Accounts receivable | $ | 150,000.00 |
| Personal property and equipment | $ | 165,000.00 |
| Real Property (estimate) | $ | 15,000,000.00 |
| **Total Assets** | **$** | **15,330,000.00** |
| **Liabilities** | | |
| Unsecured debt (estimate) | $ | 100,000.00 |
| Accounts payable | $ | 54,500.00 |
| Litigation contingency | | unknown |
| **Total Liabilities** | **$** | **> 934,500.00** |

# Schedule 4

## Leased Premises

| Address | Description |
|---|---|
| 542 Broadway, New York, New York 10012 | Leased by the Debtor (through 2179) |

# Schedule 5

## Estimated Cash Flow for the Next Thirty Days

| Description | Amount |
|---|---:|
| Gross Payroll | $ 4,200.00 |
| Proposed amount to be paid to officers, stockholders or directors and to any financial or business consultants retained by the Debtor | unknown |
| **Cash Receipts** | |
| Rental Income | $ 30,000.00 |
| **Cash Disbursements** | |
| Payroll | $ 4,200.00 |
| Maintenance Fee | $ 2,000.00 |
| Management Fee | $ 2,500.00 |
| Insurance | $ 1,850.00 |
| Utilities | $ 1,500.00 |