# EXHIBIT B

1

1                                          ^

2      SUPREME COURT OF THE STATE OF NEW YORK
       COUNTY OF NEW YORK - CIVIL TERM:   PART 23
3      ------------------------------------------------------X
       PRINCE FASHIONS, INC.,
4                             Plaintiff,

5

              -against-
6
       60G 542 BROADWAY OWNER, LLC,
7                             Defendant.
       ------------------------------------------------------X
8      INDEX NO. 651255/2016

9      NEW YORK SUPREME COURT
       60 CENTRE STREET
10     NEW YORK, NEW YORK
       JUNE 30, 2016
11

12     B E F O R E:

13              THE HONORABLE RICHARD F. BRAUN, Justice

14
       A P P E A R A N C E S:
15

16          HERRICK, FEINSTEIN, LLP
            Attorneys for the Plaintiff
17          Two Park Avenue
            New York, New York  10016
18          BY:  JOHN P. SHERIDAN, ESQ.

19
            COLE SCHOTZ
20          Attorneys for the Defendant
            1325 Avenue of the Americas
21          New York, New York  10018
            BY:  NICOLE G. MCDONOUGH, ESQ.

22

23

24

25                               William Cardenuto
                                 Senior Court Reporter
26

2

```
 1                          - Proceedings -

 2             THE COURT:  This is a motion before this Court

 3    on this date, and I also will be putting on the record my

 4    opinions on two motions that were submitted on June 30th,

 5    2016.  No.  That's wrong.  Let me see the dates on those

 6    motions.  That's May 12th, 2016.

 7             Appearances starting with the plaintiff's

 8    counsel.

 9             MR. SHERIDAN:  Good morning, your Honor.  John

10    P. Sheridan, Herrick, Feinstein, Two Park Avenue, New

11    York, New York, 10016, 212-592-1510, for the plaintiff,

12    Prince Fashions, Inc.

13             MS. MCDONOUGH:  Good morning, your Honor.

14    Nicole McDonough from Cole Schotz, PC, 1325 Avenue of the

15    Americas, 19th Floor, New York, New York, 201-525-6208.

16    Thank you.  For the defendants, your Honor, I apologize,

17    60G 542 Broadway Owner, LLC.

18             THE COURT:  So, the front of your card lists

19    your New Jersey office.  I did see on the back of your

20    card it does say New York.  So, your firm does have a New

21    York office; correct?

22             MS. MCDONOUGH:  Yes.  That's correct, your

23    Honor, at 1325 Avenue of the Americas.

24             THE COURT: Under the judiciary law, you cannot

25    appear in our courts in New York state unless you or your

26    firm has an office in New York state or you reside in New
```

19-23079-rdd    Doc 13-2    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit B
Pg 4 of 9

3

- Proceedings -

York state.  As to the current motion on today, I

understand you wish to submit without oral argument.

That's fine.

        There appears to be duplicate copies of the two

submitted orders to show cause.  I'll give you those

papers, and if there are duplicates, take the shorter one,

the one that doesn't have the affirmation exhibits, and

give back to my court officer the ones that have the

affirmation exhibits.

        MR. SHERIDAN:  If your Honor, please, there are

two separate orders to show cause.

        THE COURT:  Right.  And there are two copies of

each, it appears.  I only want one of each.  So, if there

are duplicates, take back the duplicates, and give the

originals to my court officer.

        MR. SHERIDAN:  I believe -- oh, I see what

you're saying.  I'm sorry.

        THE COURT:  Knowing you were coming in today, I

stayed late last night and read over yesterday and decided

yesterday one of the two motions, and the other one I'll

be deciding in a few minutes.  I signed my decision and

order on the one yesterday, and I will sign the other one

in a few minutes.  I will now be putting my opinion on the

record in support of those decisions and orders.

        There is an action for a declaratory judgment in

William Cardenuto, CSR, Official Court Reporter

4

1                    - Proceedings -

2    relation to commercial premises brought by a commercial

3    tenant, a plaintiff against a commercial landlord, the

4    defendant.  The defendant was the purchaser of the

5    condominium that owns the commercial space that the

6    plaintiff leases.  The building is a cooperative.  The

7    ownership at issue is apparently a condop.  The plaintiff

8    moved separately for two Yellowstone injunctions.

9              In Graubard, Mollen, Horowitz, Pomeranz and

10    Shapiro v. 600 Third Avenue Associates, 93 NY2d 508 at

11    514, 1999, the court said the following:  "The party

12    requesting Yellowstone injunction must demonstrate that,

13    one, it holds a commercial lease; two, it received from

14    the landlord either a notice of default, a notice to cure

15    or a threat of termination of a lease; three, it requested

16    an injunctive relief prior to the termination of the

17    lease; and four, it's prepared and maintains the ability

18    to cure the alleged default by any means short of vacating

19    the premises."

20              The dispute in the first order to show cause is

21    basically in relation to the fourth prong of the factors

22    to obtain a Yellowstone injunction.  The Court does not

23    need to reach the issue in deciding these motions as to

24    the argument raised by the plaintiff in disputing the

25    defendant is its landlord; see BRT Realty Trust v.

26    Preferred Entity Advancement, 233 AD2d 200, First

William Cardenuto, CSR, Official Court Reporter

5

1                          - Proceedings -

2      Department, 1996, in which the court said, "The

3      determination regarding the validity of the assignment of

4      the net lease is premature.  Contentions regarding the

5      validity of the assignment must await trial.  The limited

6      prima facie requirements for the Yellowstone injunction

7      were met."

8               The only issue raised in the notice of default

9      that is argued to be at issue here is in relation to the

10     failure of a plaintiff to obtain on behalf of the

11     defendant liability insurance for the subject premises.

12     The defendant received title to the subject premises by a

13     deed in May 2015, and there was an assignment and

14     assumption by the defendant.  Those are exhibits A and B

15     respectively.

16              The plaintiff was required to have liability

17     insurance and did not do so for the entire period starting

18     with when the defendant first became the owner and

19     landlord of the subject premises.  The plaintiff cites to

20     liability insurance that was covering the predecessor

21     owner, but only includes one of the policies, and it has a

22     certificate of insurance for that policy and for another

23     policy, but does not include a submission of the earlier

24     policy which is pursuant to the certificate of insurance

25     dated November 21st, 2014.  The policy which is submitted

26     is for the certificate of insurance dated November 21st --

FILED: NEW YORK COUNTY CLERK 11/12/2018 10:27 PM
INDEX NO. 160512/2018
NYSCEF DOC. NO. 23
19-23079-rdd    Doc 13-2    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit B
RECEIVED NYSCEF: 11/12/2018
Pg 7 of 9

6

- Proceedings -

1

2       hold on a second.  Actually, it's not for the other

3       certificate of insurance either.  The policy issue date is

4       October 14th, 2015, and it says on the second page, policy

5       period, November 28th, 2015, November 28th, 2016.

6               The plaintiff, of course, has to show its

7       entitlement to the Yellowstone injunction by its proof,

8       the plaintiff's proof.  The plaintiff does not show that

9       the sublessee had a policy insurance covering the gap

10      period from when the defendant took over title to the

11      premises in May of 2015 until the date of your sublessee's

12      insurance as just cited.  The plaintiff had a

13      responsibility to have such insurance.  The defendant was

14      at risk for any claims made during that period, although I

15      suppose its possible that an insurance company could write

16      a policy after the period going back in time to cover

17      claims that could have been made and/or occurrences for

18      the earlier period.  There's no proof that the plaintiff

19      obtained such a policy.

20              The fact that the prior owner might have

21      accepted a subtenant's performance in lieu of a tenant's

22      does not bind the defendant for the period after which the

23      defendant took title to the policy.  The fact that the

24      plaintiff later acquired insurance that does not cover the

25      gap period is a deficiency and a default on the policy.

26      The Appellate Division, First Department, has made it

William Cardenuto, CSR, Official Court Reporter

7

1                          - Proceedings -

2       clear that the failure to have insurance as required is a

3       default that is not curable.  Therefore, the Court will

4       not issue the first Yellowstone injunction sought and that

5       motion is denied.

6              As to the second one, the defendants correctly

7       argue that the demand for lease deliverables is not a

8       notice of default or notice to cure.  It would appear to

9       be preliminary to such a notice.  The demand by letter

10      dated April 8th, 2016, demands that the plaintiff do

11      certain things by a date stated for those items, that

12      being April 25th, 2016.  It further says, "Please, be

13      advised that failure by principal to finally comply with

14      each of the aforementioned demands shall constitute a

15      default pursuant to Article 17 of the lease, thus

16      entitling the owner to exercise all available rights and

17      remedies."  That would include the service of a notice of

18      default if the demand for lease deliverables was not

19      complied with.  This demand is a predicate to that.

20      Therefore, any request now for a notice for a Yellowstone

21      injunction is premature as that demand for notice of

22      default or notice cure is based on that demand.  That

23      would be the point at which possibly a request for a

24      Yellowstone injunction would be appropriate.  Therefore,

25      that motion was denied by this Court's decision and order

26      of yesterday.


William Cardenuto, CSR, Official Court Reporter

8

1                          - Proceedings -

2              I will be signing my decision and order on the

3      other motion which I spoke of first in a few minutes.

4      That concludes this Court's opinion on the record.

5                        (End of proceedings.)

6

7

8

9

10              It is hereby certified that the foregoing is a

11     true and accurate transcript of the proceedings.

12

13

14

15                                         William Cardenuto
                                           Senior Court Reporter

16

17

18

19

20

21

22

23

24

25

26

William Cardenuto, CSR, Official Court Reporter