# EXHIBIT F



# Lloyd's Certificate

**This Insurance** is effected with certain Underwriters at Lloyd's, London.

**This Certificate** is issued in accordance with the limited authorization granted to the Correspondent by certain Underwriters at Lloyd's, London whose syndicate numbers and the proportions underwritten by them can be ascertained from the office of the said Correspondent (such Underwriters being hereinafter called "Underwriters") and in consideration of the premium specified herein, Underwriters hereby bind themselves severally and not jointly, each for his own part and not one for another, their Executors and Administrators.

**The Assured** is requested to read this Certificate, and if it is not correct, return it immediately to the Correspondent for appropriate alteration.

All inquiries regarding this Certificate should be addressed to the following Correspondent:

**Zodiac Insurance Services, Inc.**
**Email: Dwash@zodiacinsurance.com**
**Phone: 856-396-6500**



SLC-3 (USA) NMA2868 (24/08/00)  Form approved by Lloyd's Market Association

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM
NYSCEF DOC. NO. 72
INDEX NO. 651255/2016
RECEIVED NYSCEF: 04/03/2019
19-23079-rdd    Doc 13-6    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit F
Pg 3 of 23

## CERTIFICATE PROVISIONS

1. **Signature Required.** This Certificate shall not be valid unless signed by the Correspondent on the attached Declaration Page.

2. **Correspondent Not Insurer.** The Correspondent is not an Insurer hereunder and neither is nor shall be liable for any loss or claim whatsoever. The Insurers hereunder are those Underwriters at Lloyd's, London whose syndicate numbers can be ascertained as hereinbefore set forth. As used in this Certificate "Underwriters" shall be deemed to include incorporated as well as unincorporated persons or entities that are Underwriters at Lloyd's, London.

3. **Cancellation.** If this Certificate provides for cancellation and this Certificate is cancelled after the inception date, earned premium must be paid for the time the insurance has been in force.

4. **Service of Suit.** It is agreed that in the event of the failure of Underwriters to pay any amount claimed to be due hereunder, Underwriters, at the request of the Assured, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States. It is further agreed that service of process in such suit may be made upon the firm or person named in item 6 of the attached Declaration Page, and that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

   The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

   Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-mentioned as the person to whom the said officer is authorized to mail such process or a true copy thereof.

5. **Assignment.** This Certificate shall not be assigned either in whole or in part without the written consent of the Correspondent endorsed hereon.

6. **Attached Conditions Incorporated.** This Certificate is made and accepted subject to all the provisions, conditions and warranties set forth herein, attached or endorsed, all of which are to be considered as incorporated herein.

7. **Short Rate Cancellation.** If the attached provisions provide for cancellation, the table below will be used to calculate the short rate proportion of the premium when applicable under the terms of cancellation.

**Short Rate Cancellation Table For Term of One Year.**

| Days Insurance in Force | Per Cent of one year Premium | Days Insurance in Force | Per Cent of one year Premium | Days Insurance in Force | Per Cent of one year Premium | Days Insurance in Force | Per Cent of one year Premium |
|---|---|---|---|---|---|---|---|
| 1 | 5% | 66 - 69 | 29% | 154 - 156 | 53% | 256 - 260 | 77% |
| 2 | 6 | 70 - 73 | 30 | 157 - 160 | 54 | 261 - 264 | 78 |
| 3 - 4 | 7 | 74 - 76 | 31 | 161 - 164 | 55 | 265 - 269 | 79 |
| 5 - 6 | 8 | 77 - 80 | 32 | 165 - 167 | 56 | 270 - 273 ( 9 mos ) | 80 |
| 7 - 8 | 9 | 81 - 83 | 33 | 168 - 171 | 57 | 274 - 278 | 81 |
| 9 - 10 | 10 | 84 - 87 | 34 | 172 - 175 | 58 | 279 - 282 | 82 |
| 11 - 12 | 11 | 88 - 91 ( 3 mos ) | 35 | 176 - 178 | 59 | 283 - 287 | 83 |
| 13 - 14 | 12 | 92 - 94 | 36 | 179 - 182 ( 6 mos ) | 60 | 288 - 291 | 84 |
| 15 - 16 | 13 | 95 - 98 | 37 | 183 - 187 | 61 | 292 - 296 | 85 |
| 17 - 18 | 14 | 99 - 102 | 38 | 188 - 191 | 62 | 297 - 301 | 86 |
| 19 - 20 | 15 | 103 - 105 | 39 | 192 - 196 | 63 | 302 - 305 ( 10 mos ) | 87 |
| 21 - 22 | 16 | 106 - 109 | 40 | 197 - 200 | 64 | 306 - 310 | 88 |
| 23 - 25 | 17 | 110 - 113 | 41 | 201 - 205 | 65 | 311 - 314 | 89 |
| 26 - 29 | 18 | 114 - 116 | 42 | 206 - 209 | 66 | 315 - 319 | 90 |
| 30 - 32 ( 1 mos ) | 19 | 117 - 120 | 43 | 210 - 214 ( 7 mos ) | 67 | 320 - 323 | 91 |
| 33 - 36 | 20 | 121 - 124 ( 4 mos ) | 44 | 215 - 218 | 68 | 324 - 328 | 92 |
| 37 - 40 | 21 | 125 - 127 | 45 | 219 - 223 | 69 | 329 - 332 | 93 |
| 41 - 43 | 22 | 128 - 131 | 46 | 224 - 228 | 70 | 333 - 337 ( 11 mos ) | 94 |
| 44 - 47 | 23 | 132 - 135 | 47 | 229 - 232 | 71 | 338 - 342 | 95 |
| 48 - 51 | 24 | 136 - 138 | 48 | 233 - 237 | 72 | 343 - 346 | 96 |
| 52 - 54 | 25 | 139 - 142 | 49 | 238 - 241 | 73 | 347 - 351 | 97 |
| 55 - 58 | 26 | 143 - 146 | 50 | 242 - 246 ( 8 mos ) | 74 | 352 - 355 | 98 |
| 59 - 62 ( 2 mos ) | 27 | 147 - 149 | 51 | 247 - 250 | 75 | 356 - 360 | 99 |
| 63 - 65 | 28 | 150 - 153 ( 5 mos ) | 52 | 251 - 255 | 76 | 361 - 365 ( 12 mos ) | 100 |

Rules applicable to insurance with terms less than or more than one year:

A.   If insurance has been in force for one year or less, apply the short rate table for annual insurance to the full annual premium determined as for insurance written for a term of one year.

B.   If insurance has been in force for more than one year:

1.   Determine full annual premium as for insurance written for a term of one year.

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM
INDEX NO. 651255/2016
NYSCEF DOC. NO. 41
19-23079-rdd    Doc 13-6    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit F
RECEIVED NYSCEF: 04/03/2019
Pg 5 of 23

2. Deduct such premium from the full insurance premium, and on the remainder calculate the pro rata earned premium on the basis of the ratio of the length of time beyond one year the insurance has been in force to the length of time beyond one year for which the policy was originally written.

3. Add premium produced in accordance with items (1) and (2) to obtain earned premium during full period insurance has been in force.

_____
Correspondent for Lloyd's London

24/08/00

NMA2868




### EXCESS LIABILITY INSURANCE POLICY DECLARATIONS
### THIS IS A CLAIMS-MADE & REPORTED EXCESS LIABILITY
### INSURANCE POLICY.  PLEASE READ CAREFULLY.

**POLICY NUMBER:** ZXSGL01              **UMR:**  B0618UB17A972A

SURPLUS LINES PRODUCER INFO:

| Producer: Zodiac Insurance | License:1215574 | State of Filing: NY | |

1. **INSURED:**   542 Holding Corp; 60G 542 Broadway Owners LLC

   **ADDRESS:**  542 Broadway, New York, NY 10012

2. **PERIOD:**

   **FROM:**   03/18/2019

   **TO:**   03/18/2020

   Both days at 12.01 a.m. at the Address of the Insured

3. **LIMIT OF LIABILITY:**

   (a)  USD 2,000,000 each claim, including costs and expenses incurred in the defense or settlement of such claim

   (b)  USD 2,000,000 Aggregate for the **Period of Insurance**, including costs and expenses incurred in the defense or settlement of all claims

4. **PRIMARY POLICY:**

   | | |
   |---|---|
   | Primary Insurer: | certain Underwriters at Lloyd's, London |
   | Policy Number: | ZISGL01 |
   | Limit of Liability: | USD 3,000,000 Each Claim, including costs and expenses incurred in the defense or settlement of such claim |
   | | USD 3,000,000 Aggregate, including costs and expenses incurred in the defense or settlement of all claims |
   | Deductible: | USD 10,000 each Claim or Related Claim, including costs and expenses incurred in the defense or settlement of such claim |

5. **UNDERLYING POLICIES:**

   N/A

6. **PREMIUM, TAXES, AND FEES:**

   | | |
   |---|---|
   | Premium: | $ 5,000 |
   | Surplus Lines Tax: | $ 180 |
   | Stamping Fee: | $ 8.50 |
   | **PREMIUM FULLY EARNED AT INCEPTION** | |



Zodiac Insurance Services, Inc.

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM
INDEX NO. 651255/2016
NYSCEF DOC. NO. 79
19-23079-rdd    Doc 13-6    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit E
RECEIVED NYSCEF: 04/03/2019
Pg 7 of 23



7. **NOTICE OF CLAIM TO:**

> Premier Claims Management, LLC.
> 2020B North Tustin Ave, Santa Ana, CA 92705, U.S.A.
> Tel: 888-683-2266
> Fax: 866-885-4047
> Email: Claims@premierclaimsllc.com

8. **CLAIMS REPORTING THRESHOLD:**

> All claims to be reported to Primary & Excess Insurers.

9. **NOTICE OF ELECTION:**

> Zodiac Insurance Services, Inc.
> 62 Tuckerton Road, Shamong, NJ 08088, U.S.A.

10. **SERVICE OF SUIT:**

> Mendes and Mount,
> 750 Seventh Avenue, New York, NY 10019-6829 U.S.A.

11. **CHOICE OF LAW:**          NY

12. **RETROACTIVE DATE:**          05/12/2016

**CONFORMITY CLAUSE:**
It is noted and agreed that wherever the words "Assured" and "Insured" appear in this policy they shall be deemed to be synonymous.

**ENDORSEMENT #1 – RETROACTIVE EXCLUSION (FULL)** (NMA 2840), as attached.
**PREMIUM PAYMENT CLAUSE** (LSW 3001), as attached.
**SEVERAL LIABILITY NOTICE** (LSW 1001), as attached.
**SANCTION LIMITATION AND EXCLUSION CLAUSE** (LMA 3100), as attached.
**NUCLEAR INCIDENT EXCLUSION CLAUSE – LIABILITY – DIRECT (BROAD) (U.S.A.)** (NMA 1256), as attached.
**RADIOACTIVE CONTAMINATION AND EXPLOSIVE NUCLEAR ASSEMBLIES EXCLUSION CLAUSE** (NMA 1622), as attached.
**WAR AND TERRORISM EXCLUSION ENDORSEMENT** (NMA 2918), as attached.

| Lloyd's Syndicate Breakdown | | | |
|---|---|---|---|
| **Syndicate** | **Reference** | **Participation** | **NAIC Code** |
| VSM/5678 | L10004590B | **55%** | AA-1120163 |
| AML/2001 | DGD1570217CA | **25%** | AA-1128001 |
| LIB/1980 | 13498801174F | **20%** | AA-1120161 |



Zodiac Insurance Services, Inc.



## EXCESS LIABILITY INSURANCE POLICY

**NOTICE**:  **This coverage is provided on a Claims Made and Reported Basis**.

The Underwriters agree with the **Named Assured**, in consideration of the payment of the premium and in reliance upon the statements in the application which is made a part of and attached to this Insurance Policy (hereinafter referred to as the "Policy" or "Insurance") and subject to the Limit of Liability, conditions and other terms of this Insurance:

**I.    INSURING AGREEMENT**

To pay on behalf of the **Assured** claim or claims first made against the **Assured** during the **Period of Insurance** and reported to Underwriters in accordance with Clause IX. of this Policy.

**II.    CONFORMANCE WITH PRIMARY POLICY**

This Policy is subject to the same terms, exclusions, conditions and definitions as the **Primary Policy**, except:

A.  any 'non-renewal' or 'conditional renewal' provision (or any other similar provision) as may be contained in the **Primary Policy**, regardless of whether or not such provision forms part of a State Amendatory Endorsement;

B.  any 'liberalization' provision (or any other similar provision) as may be contained in the **Primary Policy**;

C.  any coverage provision which provides a sub-limit of liability; and

D.  as otherwise provided herein.

No amendment to the **Primary Policy** shall be effective in amending any terms, exclusions, conditions or definitions of this Policy or extending the scope of this Policy until agreed in writing or by endorsement by the Underwriters.

**III.    DEFINITIONS**

Wherever used in this Policy in bold face type, the following definitions shall apply.

A.  "**Assured**" shall mean all persons and entities insured under the **Primary Policy**.

B.  "**Named Assured**" shall mean the person or entity set forth in Item 1 of the Declarations.

C.  "**Period of Insurance**" shall mean the period set forth in Item 2 of the Declarations.

D.  "**Primary Policy**" shall mean the policy identified in Item 4 of the Declarations.

E.  "**Underlying Policies**" shall mean the policies identified in Items 4 and 5 of the Declarations.

F.  "**Underlying Policy Limits**" shall mean the combined limits of liability of the **Underlying Policies**, including costs and expenses incurred in the defense or settlement of any claim.





IV.     **LIMIT OF LIABILITY**

A.  The Underwriters shall be liable to pay claims and costs and expenses incurred in the defense or settlement of such claims which are in excess of:

1.  the **Underlying Policy Limits**, plus

2.  the applicable retention or deductible under the **Primary Policy**

up to the Limit of Liability shown in Item 3(a) of the Declarations resulting from each claim first made against the **Assured**.

B.  The amount shown in Item 3(b) of the Declarations shall be the maximum aggregate Limit of Liability of the Underwriters under this Policy.

V.      **ATTACHMENT PROVISION**

Liability to pay under this Policy shall not attach unless and until the insurers of the **Underlying Policies** shall have paid or have admitted liability or have been held liable to pay, the full amount of the **Underlying Policy Limits**.

VI.     **MAINTENANCE OF UNDERLYING POLICIES**

It is a condition of this Policy that the **Underlying Policies** shall be maintained in full effect during the **Period of Insurance** except for any reduction of the **Underlying Policy Limits** solely by payment of any claims or costs and expenses incurred in the defense or settlement of such claims.  If this condition is breached then this Policy shall automatically and immediately terminate with effect from the date when the **Underlying Policies** cease to be maintained or are deemed to have ceased to be maintained.

In the event the insurer under one or more of the **Underlying Policies** fails to pay any claim or costs and expenses incurred in the defense or settlement of such claim as a result of the insolvency, bankruptcy or liquidation of said insurer, then the **Assured** shall be deemed self-insured for the amount of the limit of liability of said insurer which is not paid as a result of such insolvency, bankruptcy or liquidation.

VII.    **REDUCTION / EXHAUSTION OF THE UNDERLYING POLICIES**

If by reason of the payment of any claims or costs and expenses incurred in the defense or settlement of such claims by the insurers of the **Underlying Policies**, the amounts of the **Underlying Policy Limits** are:

A.  partially reduced, then this Policy shall apply in excess of the reduced amounts of the **Underlying Policy Limits**; or

B.  totally exhausted, then this Policy shall continue in force as primary insurance; provided, however that this Policy shall only pay in excess of the retention or deductible applicable to the **Primary Policy**, which shall be applied to any subsequent claim in the same manner as specified in the **Primary Policy**.





## VIII.    RETROACTIVE LIMITATION

The coverage under this Policy does not apply to any claim arising out of or resulting from any negligent act, error or omission (or arising out of conduct covered in the **Primary Policy**) committed prior to the inception date of this Policy:

A.   if any **Assured** on or before the inception date knew or could have reasonably foreseen that such negligent act, error or omission (or conduct covered in the **Primary Policy**) might be expected to be the basis of a claim; or

B.   in respect of which any **Assured** has given notice of a circumstance which might lead to a claim to the insurer of any other policy in force prior to the inception date of this Policy.

## IX.    NOTICE OF CLAIM, OR CIRCUMSTANCE THAT MIGHT LEAD TO A CLAIM

All claims and circumstances that might lead to a claim reported under the **Primary Policy** must be reported to the Underwriters in writing via the entity named in Item 7 of the Declarations before the end of the **Period of Insurance** or any additional claims reporting period granted by the **Primary Policy** provided such additional claims reporting period is no greater than 90 days.  However, the **Assured** must provide immediate written notice to the Underwriters via the entity named in Item 7 of the Declarations of any claim made against the **Assured** where the **Assured** or the **Assured's** defense counsel evaluates the potential liability of all claims plus costs and expenses incurred in the defense or settlement of such claims at an amount equal to or greater than the amount set forth in Item 8 of the Declarations.

## X.    CONDITIONS

A.   In the event of a claim arising to which the Underwriters hereon may be liable to contribute, no costs or expenses shall be incurred on their behalf without their written consent being first obtained (such consent not to be unreasonably withheld).  No settlement of a claim shall be effected by the **Assured** for such a sum as will involve this Policy without the written consent of the Underwriters hereon.

B.   All recoveries or payments recovered or received subsequent to a loss settlement under this Policy shall be applied first to subrogation expenses, second to claims or costs and expenses incurred in the defense or settlement of such claims by the Underwriters hereon, third to claims or costs and expenses incurred in the defense or settlement of such claims by the insurers of the **Underlying Policies**, and fourth to the applicable retention or deductible under the **Primary Policy**.  Provided always that nothing in this Policy shall be construed to mean that loss settlements under this Policy are not payable until the **Assured's** ultimate net loss has been finally ascertained.

C.   If the **Assured** shall profer any claim knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void and all claims hereunder shall be forfeited.

D.   By acceptance of this Policy, the **Assured** agrees the Underwriters may at their own discretion and expense retain counsel to associate in the defense or settlement of any claim and to cooperate with such counsel.



Zodiac Insurance Services, Inc.



## XI.    CANCELLATION

A. This Policy may by cancelled by the **Named Assured** by surrender thereof to the Underwriters or by mailing to the Underwriters written notice stating when thereafter the cancellation shall be effective.

B. This Policy may be cancelled by the Underwriters by mailing to the **Named Assured** written notice stating when, not less than 60 days thereafter, such cancellation shall be effective. However, if the Underwriters cancel this Policy because the **Named Assured** has failed to pay a premium when due this Policy may be cancelled by the Underwriters by mailing a written notice of cancellation to the **Named Assured** stating when, not less than 10 days thereafter such cancellation shall be effective.  The mailing of notice as aforesaid shall be sufficient proof of notice.  The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the **Period of Insurance**.

C. If the **Named Assured** cancels this Policy, earned premium shall be computed in accordance with the attached short rate table and procedure.  If the Underwriters cancel this Policy, earned premium shall be computed pro rata. Payment or tender of unearned premium is not a condition of cancellation.

## XII.    EXTENDED REPORTING PERIOD

A. Notwithstanding anything contained in any 'extended reporting period', 'optional extended reporting period' or 'automatic extended reporting period' (or any other similar provision) of the **Primary Policy**, in the event of cancellation or non-renewal of this Policy by the Underwriters, the **Named Assured** shall have the right, upon payment in full of 100% of the Premium set forth in Item 6 of the Declarations to have issued an endorsement providing a 12 month Extended Reporting Period for any claim or claims first made against the **Assured** and reported to the Underwriters during the Extended Reporting Period arising out of any negligent act, error or omission (or arising out of conduct covered in the **Primary Policy**) committed prior to the effective date of such cancellation or non-renewal and otherwise covered by this Insurance.

B. In order for the **Named Assured** to invoke the Extended Reporting Period, the **Named Assured** must:

1. pay the additional premium for the Extended Reporting Period to the Underwriters within 30 days of the non-renewal or cancellation of this Policy, and

2. purchase an extended reporting period under all **Underlying Policies**:

(i) for a period of no less than 12 months from the cancellation or non-renewal date of this Policy, and

(ii) with no reduction of the **Underlying Policy Limits** except for any reduction solely by payment of any claims or costs and expenses incurred in the defense or settlement of such claims.

C. The Limit of Liability for the Extended Reporting Period shall be part of, and not in addition to, the Limit of Liability for the **Period of Insurance**.



Zodiac Insurance Services, Inc.

 

D. The quotation by the Underwriters of a different premium or retention or deductible or limit of liability or changes in policy language for the purpose of renewal shall not constitute a refusal to renew.

E. The right to the Extended Reporting Period shall not be available to the **Named Assured** where cancellation or non-renewal by the Underwriters is due to non-payment of premium or failure of the **Assured** to pay such amounts in excess of the Limit of Liability or within the amount of the applicable retention or deductible or failure of the **Assured** to comply with the terms and conditions of this Policy.

F. At the commencement of the Extended Reporting Period the entire premium shall be deemed fully earned and in the event the **Assured** terminates the Extended Reporting Period for any reason prior to its natural expiration, the Underwriters will not be liable to return any premium paid for the Extended Reporting Period.

G. All notices and premium payments with respect to the Extended Reporting Period shall be directed to the Underwriters through the entity named in Item 9 of the Declarations.

**XIII.    SINGULAR FORM OF A WORD**

Whenever the singular form of a word is used herein, the same shall include the plural when required by context.

**XIV.    TITLES OF PARAGRAPHS**

The titles of paragraphs, sections, provisions or endorsements of or to this Policy are intended solely for convenience and reference.  Such titles are not deemed in any way to limit, expand or define the provisions to which they relate and are not part of this Policy.

**XV.    WARRANTY BY THE ASSURED**

By acceptance of this Policy, the **Assured** agrees and warrants that the statements contained in the application and any supplemental materials submitted therewith are their agreements, warranties and representations, that they shall be deemed material to the risk assumed by Underwriters, and that this Policy is issued in reliance upon the truth thereof.

The misrepresentation or non-disclosure of any matter by the **Assured** or its agent in the application or any supplemental materials submitted therewith will render the Policy null and void and relieve the Underwriters from all liability under the Policy.

**XVI.    SERVICE OF SUIT**

It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due under this Insurance, the Underwriters hereon, at the request of the **Assured**, will submit to the jurisdiction of a Court of competent jurisdiction within the United States.  Nothing in this Clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.  It is further agreed that service of process in such suit may be made upon the persons named in Item 10 of the Declarations, and that in any suit instituted against any one



Zodiac Insurance Services, Inc.



of them upon this contract, the Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The persons named in Item 10 of the Declarations is authorized and directed to accept service of process on behalf of the Underwriters in any such suit and/or upon the request of the **Assured** to give a written undertaking to the **Assured** that they will enter a general appearance upon the Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, the Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of **Assured** or any beneficiary hereunder arising out of this Policy, and hereby designate the persons named in Item 10 of the Declarations, as the person to whom the said officer is authorized to mail such process or a true copy thereof.

## XVII.  CHOICE OF LAW

Any dispute concerning the interpretation of this Policy shall be governed by the laws of the state designated in Item 11 of the Declarations.

## XVIII.  SHORT RATE CANCELLATION TABLE

Notwithstanding anything to the contrary contained herein and in consideration of the premium for which this Insurance is written it is agreed that in the event of cancellation thereof by the **Named Assured** the Earned Premium shall be computed as follows:

### SHORT RATE CANCELLATION TABLE

A.  For insurances written for one year:

| Days Insurance in Force | | Per cent. of One Year Premium | Days Insurance in Force | | Per cent. of One Year Premium |
|---|---|---|---|---|---|
| 1 - 73 | ......................................... | 30 | 206 - 209 | ......................................... | 66 |
| 74 - 76 | ......................................... | 31 | 210 - 214 | (7 months) ....................... | 67 |
| 77 - 80 | ......................................... | 32 | 215 - 218 | ......................................... | 68 |
| 81 - 83 | ......................................... | 33 | 219 - 223 | ......................................... | 69 |
| 84 - 87 | ......................................... | 34 | 224 - 228 | ......................................... | 70 |
| 88 - 91 | (3 months) ....................... | 35 | 229 - 232 | ......................................... | 71 |
| 92 - 94 | ......................................... | 36 | 233 - 237 | ......................................... | 72 |
| 95 - 98 | ......................................... | 37 | 238 - 241 | ......................................... | 73 |
| 99 - 102 | ......................................... | 38 | 242 - 246 | (8 months)....................... | 74 |



Zodiac Insurance Services, Inc.



| | | | | | | |
|---|---|---|---|---|---|---|
| 103 - 105 | .......................................... | 39 | 247 - 250 | ........................................... | 75 |
| 106 - 109 | .......................................... | 40 | 251 - 255 | ........................................... | 76 |
| 110 - 113 | .......................................... | 41 | 256 - 260 | ........................................... | 77 |
| 114 - 116 | .......................................... | 42 | 261 - 264 | ........................................... | 78 |
| 117 - 120 | .......................................... | 43 | 265 - 269 | ........................................... | 79 |
| 121 - 124 | (4 months) ......................... | 44 | 270 - 273 | (9 months) ......................... | 80 |
| 125 - 127 | .......................................... | 45 | 274 - 278 | ........................................... | 81 |
| 128 - 131 | .......................................... | 46 | 279 - 282 | ........................................... | 82 |
| 132 - 135 | .......................................... | 47 | 283 - 287 | ........................................... | 83 |
| 136 - 138 | .......................................... | 48 | 288 - 291 | ........................................... | 84 |
| 139 - 142 | .......................................... | 49 | 292 - 296 | ........................................... | 85 |
| 143 - 146 | .......................................... | 50 | 297 - 301 | ........................................... | 86 |
| 147 - 149 | .......................................... | 51 | 302 - 305 | (10 months)........................ | 87 |
| 150 - 153 | (5 months) ......................... | 52 | 306 - 310 | ........................................... | 88 |
| 154 - 156 | .......................................... | 53 | 311 - 314 | ........................................... | 89 |
| 157 - 160 | .......................................... | 54 | 315 - 319 | ........................................... | 90 |
| 161 - 164 | .......................................... | 55 | 320 - 323 | ........................................... | 91 |
| 165 - 167 | .......................................... | 56 | 324 - 328 | ........................................... | 92 |
| 168 - 171 | .......................................... | 57 | 329 - 332 | ........................................... | 93 |
| 172 - 175 | .......................................... | 58 | 333 - 337 | (11 months)........................ | 94 |
| 176 - 178 | .......................................... | 59 | 338 - 342 | ........................................... | 95 |
| 179 - 182 | (6 months) ......................... | 60 | 343 - 346 | ........................................... | 96 |
| 183 - 187 | .......................................... | 61 | 347 - 351 | ........................................... | 97 |
| 188 - 191 | .......................................... | 62 | 352 - 355 | ........................................... | 98 |
| 192 - 196 | .......................................... | 63 | 356 - 360 | ........................................... | 99 |
| 197 - 200 | .......................................... | 64 | 361 - 365 | (12 months)........................ | 100 |
| 201 - 205 | .......................................... | 65 | | | |

B.  For Insurances written for more or less than one year:

1.  If insurance has been in force for 12 months or less, apply the standard short rate table for annual insurances to the full annual premium determined as for an insurance written for a term of one year.

2.  If insurance has been in force for more than 12 months:

   (a)  Determine full annual premium as for an insurance written for a term of one year.

   (b)  Deduct such premium from the full insurance premium, and on the remainder calculate the pro rata Earned Premium on the basis of the ratio of the length of time beyond one year the insurance has been in force to the length of time beyond one year for which the insurance was originally written.

   (c)  Add premium produced in accordance with items (a) and (b) to obtain Earned Premium during full period insurance has been in force.



Zodiac Insurance Services, Inc.

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM
NYSCEF DOC. NO. 71

19-23079-rdd   Doc 13-6   Filed 07/17/19   Entered 07/17/19 17:31:40   Exhibit E
Pg 15 of 23

INDEX NO. 651255/2016
RECEIVED NYSCEF: 04/03/2019



Furthermore and notwithstanding the foregoing, the Underwriters shall retain the total premium for this Policy, such total premium to be deemed earned upon inception of the Policy if any claim or any circumstance that could reasonably be the basis for a claim is reported to the Underwriters under this Policy on or before such date of cancellation.

4/05
LSW1508



Zodiac Insurance Services, Inc.



### ENDORSEMENT #1

**Section VIII. RETROACTIVE LIMITATION** of the policy is deleted and replaced with the following:

### RETROACTIVE EXCLUSION (FULL)

This Insurance shall not indemnify the Assured in respect of any claim or loss involving or arising out of any actual or alleged acts, omissions, transactions, circumstances or events (hereinafter referred to as "Acts") which occurred or commenced (or are alleged to have occurred or commenced) prior to the XXX for any Acts being part of an interrelated series of such Acts where any one or more Acts in that series occurred or commenced (or are alleged to have occurred or commenced) prior to the above date.

27/1/00
NMA2840

All other terms and conditions remain unchanged.



Zodiac Insurance Services, Inc.

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM
NYSCEF DOC. NO. 71
19-23079-rdd    Doc 13-6    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit E-
Pg 17 of 23
INDEX NO. 651255/2016
RECEIVED NYSCEF: 04/03/2019



**PREMIUM PAYMENT CLAUSE**

Notwithstanding any provision to the contrary within this contract or any endorsement hereto, in respect of non payment of premium only the following clause will apply.

The Insured undertakes that premium will be paid in full to Insurers within 60 days of inception of this contract (or, in respect of instalment premiums, when due).

If the premium due under this contract has not been so paid to Insurers by the 60th day from the inception of this contract (and, in respect of instalment premiums, by the date they are due) Insurers shall have the right to cancel this contract by notifying the Insured via the broker in writing.  In the event of cancellation, premium is due to Insurers on a pro rata basis for the period that Insurers are on risk but the full contract premium shall be payable to Insurers in the event of a loss or occurrence prior to the date of termination which gives rise to a valid claim under this contract.

It is agreed that Insurers shall give not less than 60 days prior notice of cancellation to the Insured via the broker.  If premium due is paid in full to Insurers before the notice period expires, notice of cancellation shall automatically be revoked.  If not, the contract shall automatically terminate at the end of the notice period.

If any provision of this clause is found by any court or administrative body of competent jurisdiction to be invalid or unenforceable, such invalidity or unenforceability will not affect the other provisions of this clause which will remain in full force and effect.

30/09/08
LSW3001



Zodiac Insurance Services, Inc.

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM INDEX NO. 651255/2016
NYSCEF DOC. NO. 291
19-23079-rdd   Doc 13-6   Filed 07/17/19   Entered 07/17/19 17:31:40   Exhibit E
Pg 18 of 23
RECEIVED NYSCEF: 04/03/2019

LLOYD'S

### SEVERAL LIABILITY NOTICE

The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

LSW 1001



Zodiac Insurance Services, Inc.

LLOYD'S

**SANCTION LIMITATION AND EXCLUSION CLAUSE**

No (re)insurer shall be deemed to provide cover and no (re)insurer shall be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose that (re)insurer to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, United Kingdom or United States of America.

15/09/10
LMA3100



Zodiac Insurance Services, Inc.



**NUCLEAR INCIDENT EXCLUSION CLAUSE-LIABILITY-DIRECT (BROAD) (U.S.A.)**

This Policy does not apply:

I.    Under any Liability Coverage, to injury, sickness, disease, death or destruction:

    (a)  with respect to which an insured under the Policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (b)  resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the insured is, or had this Policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

II.    Under any Medical Payments Coverage, or under any Supplementary Payments Provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

III.    Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if:

    (a)  the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (2) has been discharged or dispersed therefrom;

    (b)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

    (c)  the injury, sickness, disease, death or destruction arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

IV.    As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties; "nuclear material" means source material, special nuclear material or by-product material; "source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act 1954 or in any law amendatory thereof; "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor; "waste" means any waste material (1)

Zodiac Insurance Services, Inc.





containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof; "nuclear facility" means:

(a)  any nuclear reactor,

(b)  any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c)  any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d)  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations; "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.  With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

It is understood and agreed that, except as specifically provided in the foregoing to the contrary, this clause is subject to the terms, exclusions, conditions and limitations of the Policy to which it is attached.


17/3/60
NMA1256



Zodiac Insurance Services, Inc.

FILED: NEW YORK COUNTY CLERK 04/03/2019 06:07 PM
NYSCEF DOC. NO. 71
INDEX NO. 651255/2016
RECEIVED NYSCEF: 04/03/2019
19-23079-rdd    Doc 13-6    Filed 07/17/19    Entered 07/17/19 17:31:40    Exhibit E
Pg 22 of 23



**RADIOACTIVE CONTAMINATION AND EXPLOSIVE NUCLEAR ASSEMBLIES EXCLUSION CLAUSE**
*(Approved by Lloyd's Underwriters' Non-Marine Association)*

This Policy does not cover

    (a)  loss or destruction of or damage to any property whatsoever or any loss or expense whatsoever resulting or arising therefrom or any consequential loss

    (b)  any legal liability of whatsoever nature

directly or indirectly caused by or contributed to by or arising from

    (i)  ionising radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel

    (ii)  the radioactive, toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

4/4/68
NMA1622



Zodiac Insurance Services, Inc.



### WAR AND TERRORISM EXCLUSION ENDORSEMENT

Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event contributing concurrently or in any other sequence to the loss;

1.  war, invasion, acts of foreign enemies, hostilities or warlike operations (whether war be declared or not), civil war, rebellion, revolution, insurrection, civil commotion assuming the proportions of or amounting to an uprising, military or usurped power; or

2.  any act of terrorism.

    For the purpose of this endorsement an act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

This endorsement also excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any action taken in controlling, preventing, suppressing or in any way relating to 1 and/or 2 above.

If the Underwriters allege that by reason of this exclusion, any loss, damage, cost or expense is not covered by this insurance the burden of proving the contrary shall be upon the Assured.

In the event any portion of this endorsement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

08/10/01
NMA2918



Zodiac Insurance Services, Inc.