**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE FASHIONS, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-23079-rdd |

**ORDER DENYING MOTION TO DISMISS CHAPTER 11 CASE**
**AND GRANTING LIMITED RELIEF FROM AUTOMATIC STAY**

Upon the motion, dated June 28, 2019 [Doc. No. 6] (the "**Motion**"), of 60G 542 Broadway Owner, LLC ("**60G**") for an order, pursuant to sections 1112(b) and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") (A) in the alternative (i) dismissing the this chapter 11 case Prince Fashions, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), or, in the alternative, (ii) finding that the automatic stay under section 362(a) of the Bankruptcy Code apply to not prevent 60G from enforcing a right to evict the debtor and debtor in possession herein, Prince Fashions, Inc. (the "**Debtor**") from the real property at issue (the "**Property**"), or (iii) granting relief from the automatic stay under section 362(a) of the Bankruptcy Code pursuant to section 362(d) of the Bankruptcy Code to enable 60G to enforce its rights in, and remedies in and to, the Property, and (B) finding that the automatic stay under section 362(a) of the Bankruptcy Code does not extend to any non-Debtor party; and there being due and sufficient notice of the Motion; and upon the Debtor's objection to the Motion [Doc. No. 12], 60G's reply [Doc. No. 14], and the record of the hearing held by the Court on the Motion on July 22, 2019 (the "**Hearing**"); and after due deliberation, the Court and for the reasons stated by the Court in its bench rulings at the Hearing, the Court having determined that the filing of the Debtor's bankruptcy petition was not an abuse of the Bankruptcy Code or in bad faith, that the automatic

stay under section 362(a) of the Bankruptcy Code applies to prevent 60G from enforcing its rights in, and remedies in and to, the Property, and the Motion's request for declaratory relief as to whether the automatic stay under section 362(a) should be extended to any non-Debtor parties is not ripe; and good and sufficient cause appearing for the relief granted herein, it is hereby

**ORDERED**, that the Motion is denied without prejudice with the exception that the automatic stay under section 362(a) of the Bankruptcy Code is modified pursuant to section 362(d)(1) of the Bankruptcy Code to permit the the Debtor and 60G to continue to litigate the renewal motion (the "**Renewal Motion**") currently pending in the Supreme Court of the State of New York, County of New York in an action styled, *Prince Fashions, Inc. v. 60G 542 Broadway Owner, LLC* (Index No. 651255/2016), and the motion for leave to intervene and to dismiss, currently pending in the Civil Court of the City of New York, County of New York in an action styled, *60G 542 Broadway Owner, LLC v. Prince Fashions, Inc., et al.* (L&T Index No. 69380/2016) (together with the Renewal Motion, the "**Pending State Court Motions**"); provided, that the Debtor and 60G seek an expedited determination of the Pending State Court Motions; and provided, further, that such modification of the automatic stay shall not extend to any motion for renewal, reargument, or modification of the Pending State Court Motions or any appeal of the determination of the Pending State Court Motions; and it is further

**ORDERED**, that this Order is without prejudice to 60G's right to seek further relief from this Court if the Debtor does not seek expedited determination of, or prevail in, the Pending State Court Motions as they pertain to the Debtor's continued interest in the Property, including, without limitation, pursuant to sections 362(d) and 1112(b) of the Bankruptcy Code, and a request for expedited hearing thereon; and it is further

**ORDERED**, that this Order is without prejudice to the Debtor's right to seek entry of an order of this Court recharacterizing the Debtor's interest in the lease as an interest in real property not subject to the provisions of section 365 of the Bankruptcy Code; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED**, that the 14-day stay of this Order under Bankruptcy Rule 4001(a)(3) is waived, for cause, and this Order is effective immediately upon its entry.

Dated: July 25, 2019
      White Plains, New York

      /s/ Robert D. Drain
      UNITED STATES BANKRUPTCY JUDGE