**ROBINSON BROG LEINWAND GREENE**  Hearing Date: December 3, 2019 at 10 am
 **GENOVESE & GLUCK P.C.**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
A. Mitchell Greene, Esq.
Steven B. Eichel, Esq.

*Attorneys for 60G 542 Broadway Owner, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                              Chapter 11
                                                                        Case No. 19-23079 (RDD)
**PRINCE FASHIONS, INC.,**

                        Debtor.
----------------------------------------------------------X

**60G 542 BROADWAY OWNER, LLC'S SUPPLEMENT TO AND
RENEWAL OF ITS MOTION FOR THE ENTRY OF AN ORDER (I)
DISMISSING THE CHAPTER 11 PETITION, OR, IN THE ALTERNATIVE,
(II) FINDING THAT THE AUTOMATIC STAY DOES NOT PREVENT 60G 542
BROADWAY OWNER, LLC FROM EVICTING DEBTOR, OR, IN THE
ALTERNATIVE, (III) GRANTING RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. §362, AND (IV) FINDING THAT THE
AUTOMATIC STAY DOES NOT EXTEND TO ANY NON-DEBTOR**

60G 542 Broadway Owner, LLC ("60G"), by and through its undersigned counsel, submits this supplement to and renewal of its motion (the "Motion to Dismiss") seeking an Order: (a) dismissing the chapter 11 petition of Prince Fashions, Inc. ("Prince" or "Debtor") pursuant to 11 U.S.C. §1112(b) with prejudice; or, in the alternative, (b) finding that the automatic stay does not prevent 60G from evicting Prince from the subject premises; or, in the alternative, (c) granting relief from the automatic stay pursuant to 11 U.S.C. §362(d) so

that 60G can proceed with evicting Prince; and (d) finding that any automatic stay to which Prince is entitled does not extend to any non-debtor.

## PRELIMINARY STATEMENT

1. After being heard in multiple New York State Courts and being turned away by each, Prince filed its bankruptcy case to further hinder 60G's right to retake possession of the subject premises located at 542 Broadway, New York, New York (the "Property"). At the July 22, 2019 hearing on 60G's Motion to Dismiss, this Court gave the Debtor a limited opportunity to attempt to resuscitate the lease. The Debtor was unsuccessful, the lease is terminated and cannot be assumed, and now the bankruptcy case should be dismissed with prejudice or, in the alternative, 60G should be granted stay relief to pursue its state court remedies, including evicting the Debtor from the Property.

## BACKGROUND

2. On May 29, 2019 (the "Petition Date"), Prince filed its pro se Chapter 11 petition.

3. On June 28, 2019 60G filed its Motion to Dismiss [1] On July 17, 2019, Prince filed an objection to the Motion to Dismiss. On July 18, 2019, 60G filed its Reply (defined below). On July 22, 2019, the Court held a hearing on 60G's Motion to Dismiss. A copy of the July 22, 2019 hearing transcript is attached to the Declaration of Steven B. Eichel ("Eichel Decl.") as Exhibit A.

---

[1] The factual history, background of the case and legal arguments as to why the bankruptcy case should be dismissed or stay relief should be granted are set forth in (i) the Motion to Dismiss [Doc. No. 6], (ii) the corresponding declaration of Bastien Broda dated June 26, 2019 ("Broda Decl.") [Doc. No. 6-3, (iii) 60G 542 Broadway Owner, LLC's Reply to Debtor's Response in Opposition to Motion for the Entry of an Order (I) Dismissing the Chapter 11 Petition, or, in the Alternative, (II) Finding that the Automatic Stay Does Not Prevent 60G 542 Broadway Owner, LLC From Evicting Debtor, or in the Alternative, (III) Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362, and (IV) Finding That the Automatic Stay Does Not Extend to Any Non - Debtor (the "Reply") [Doc. No. 14], and (iv) the declaration of Nolan Shanahan, dated July 18, 2019 (Shanahan Decl.") [Doc. No. 5]. The Motion to Dismiss, the Broda Decl., the Reply and the Shanahan Decl. are all incorporated herein by reference.

4. During the course of the July 22, 2019 hearing, Debtor's counsel acknowledged that Prince's lease of the Property was terminated, but sought the opportunity to resuscitate the lease under state law by continuing litigations commenced before the Petition Date in both the New York Supreme Court and Civil Court. Eichel Decl., Ex. A, Transcript at p. 17:13-21; Transcript at 18: 4 -6 ("What we're seeking to do is continue litigation in the state court in order to afford the Debtor the opportunity to resuscitate the leasehold."). In connection with seeking that opportunity to continue the litigations, Debtor's counsel admitted that if the Debtor is unsuccessful in the Supreme Court and the Civil Court, then the Debtor will not be able to assume the lease. Eichel Dec., Ex. A, Transcript at 17:22-24 ("[a]nd of course, if the state court denies that relief, and here we are speaking about these two proceedings, then it would appear to me that the lease would not be susceptible of assumption.")

5. This Court gave the Debtor one opportunity to proceed in the Supreme Court and Civil Court. In response to the concern that the state court litigations with appeals could last another three years, the Court stated "No, I think it's with the trial judge. I think that's it. I think they have that shot." Eichel Decl., Ex. A, Transcript at p. 28, lines 17-18.

6. By order dated July 25, 2019 ("July 25th Order"), the Bankruptcy Court entered an order denying 60G's Motion to Dismiss without prejudice, with the exception that the automatic stay was modified to permit the Debtor and 60G to continue to litigate (i) Prince's second motion seeking to renew the denial of its 2016 Yellowstone application and requesting Yellowstone relief be granted retroactively based on obtaining retroactive insurance (the "Renewal Motion") that was pending in the Supreme Court of the State of New York, County of New York in an action styled, *Prince Fashions, Inc. v. 60G Broadway Owner, LLC* (Index No. 651255/2016), and (ii) non-debtor M K Sportswear's motion for leave to intervene in and dismiss 60G's

holdover proceeding against Prince to recover the premises that was pending in the Civil Court of the City of New York, County of New York in an action styled, *60G 542 Broadway Owner, LLC v. Prince Fashions, Inc., et al.* (L&T Index No. 69380/2016) (together with the Renewal Motion, the "State Court Motions"); provided, among other things, that such modification of the automatic stay shall not extend to any motion for renewal, re-argument, or modification of the State Court Motions or any appeal of the determination of the State Court Motions. A copy of the July 25th Order is attached to the Eichel Decl. as Exhibit B.

7. In reaching its decision to give the Debtor a limited opportunity in state court, the Court ruled that "if the state court determination is as the landlord contends, [the lease] will be terminated. Then the Debtor is out of luck." Eichel Decl., Ex. A, Transcript 25:25-26:2.

8. The Debtor is now out of luck as it lost in both the Civil Court and in the Supreme Court. By Decision and Order dated October 8, 2019 (the "Civil Court Order"), the Civil Court denied in its entirety a motion filed by MK Sportwear, a purported subtenant, to (i) vacate the judgment of possession against Prince and its undertenants, (ii) intervene in the summary holdover proceeding and/or (iii) dismiss 60G's petition for failure to name it as a party to the proceeding. A copy of the Civil Court Order is attached to the Eichel Decl. as Exhibit C.[2]

9. Moreover, by Decision and Order dated November 8, 2019 (and filed on November 12, 2019), the Supreme Court of the State of New York denied Prince's Renewal Motion in its entirety. A copy of that Decision and Order is attached to the Eichel Decl. as Exhibit D.

---

[2] The Court was previously advised of the Civil Court Order at the hearing on the Debtor's motion to extend exclusivity.

## RELIEF REQUESTED

10. The July 25th Order provided 60G with the right to seek further relief from this Court if the Debtor did not prevail on the State Court Motions, including relief pursuant to Sections 362(d) and 1112(b) of the Bankruptcy Code. By this supplement to and renewal of the Motion to Dismiss, 60G seeks dismissal of the case with prejudice or, in the alternative, relief from the automatic stay to pursue its state court remedies to evict the Debtor from the Property.

## BASIS FOR RELIEF

11. In response to 60G's Motion to Dismiss, the Court granted the Debtor a very limited opportunity to seek to resuscitate the lease by proceeding with the State Court Motions that were pending in the Supreme Court and in the Civil Court. At the July 22, 2019 hearing, the Court indicated that if the state court rules, as 60G contends (and it did), the lease will be terminated. Prince has now lost in both courts, the lease has been terminated and thus it cannot be assumed. See 11 U.S.C. §363(c)(3) (a nonresidential lease cannot be assumed or assigned if it is terminated under state law); <u>166 Enterprises Corp v. IG Second Generation Partners</u>, 81 A.D. 3d 154 (1st Dept. 2011) ("Once the lease was terminated in accordance with its terms, the court lacked the power to revive it"). As a result, this court should dismiss the case with prejudice or, in the alternative, modify the automatic stay so that 60 G can pursue its remedies.

12. For all the reasons set forth above and in 60G's Motion to Dismiss, the Broda Decl., the Reply, and the Shanahan Decl., the Court should dismiss the case with prejudice or, in the alternative, modify the automatic stay to allow 60G to pursue its state court remedies to recover the lease.

## CONCLUSION

**WHEREFORE,** 60G respectfully requests that the Court enter an Order (a) dismissing the case with prejudice or, in the alternative, granting relief from the automatic stay pursuant to 11 U.S.C. §362(d) so that 60G can proceed with its state court remedies to evict Prince, (b) finding that the automatic stay does not apply to any non-Debtor, and (c) granting such other and further relief as is just and proper.

**DATED:**   New York, New York
  November 19, 2019

>   **ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.**
>   875 Third Avenue, 9th Floor
>   New York, New York 10022
>   Tel. No.: 212-603-6300
>   *Attorneys for 60G 542 Broadway Owner, LLC*
>
>
>   By:/s/ Steven B. Eichel
>     **A. Mitchell Greene**
>     **Steven B. Eichel**