**<u>Exhibit C</u>**

**Fogel Affirmation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PRINCE FASHIONS, INC.,

Debtor.

Chapter 11

Case No. 19-23079-rdd

### AFFIRMATION OF LOUIS FOGEL IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION OF LOUIS FOGEL & ASSOCIATES AS SPECIAL LITIGATION COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION

**LOUIS FOGEL**, under penalty of perjury, pursuant to 28 U.S.C. § 1746, hereby affirms as follows: I am an attorney-at-law, duly admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York.

1. I am the principal of Louis Fogel & Associates ("**Fogel**"), which firm maintains offices for the practice of law at 75 Wall Street, Suite 33-A, New York, NY 10005, and submit this affidavit, pursuant to Rule 2014 of the Bankruptcy Rules and Rule 2014-1 of the Local Rules, in support of the *Debtor's Application for an Order Authorizing Retention of Louis Fogel & Associates as Special Litigation Counsel to the Debtor and Debtor in Possession* (the "**Application**"),[1] filed by Prince Fashions, Inc., the above-captioned debtor and debtor-in-possession (the "**Debtor**").

2. All statements set forth in this affidavit are based upon my personal knowledge, my review of relevant documents, or my professional opinion based upon my direct experience. If called upon to testify, I would testify competently to the facts set forth below.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

## PROPOSED RETENTION OF FOGEL

3. Fogel is a commercial law firm specializing in commercial litigation and intellectual property matters.

4. I am the firm's principal and have been a solo practitioner for more than twenty years.

5. The professional services that Fogel will render include, among other services:

   a. conducting pre-trial discovery in connection with the Adversary Proceeding, including conducting appropriate examinations of witnesses and other parties in interest;
   b. trying the Adversary Proceeding; and
   c. performing other legal services in connection with the prosecution of the Adversary Proceeding.

6. Subject to the approval of this Court, the Debtor's principal, Doron Zabari ("Mr. Zabari") has agreed to compensate Fogel for professional services at the hourly rate of $405 for services to be rendered in the Adversary Proceeding.

7. Except as described below, neither I nor Fogel insofar as I have been able to ascertain:

   a. is a creditor of the Debtor (including by reason of unpaid fees for services rendered prior to the Petition Date);
   b. is an "insider" of the Debtor, as that term is defined in 11 U.S.C. § 101(31);
   c. has an interest materially adverse to the interest of the Debtor's estate, by reason of any direct relationship to, or connection with, or interest in, the Debtor, or for any other reason;

    d. presently represents a creditor of the Debtor; or a person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter that is related to the Debtor or its estate, or, on any matter that is unrelated to the Debtor or its estate;

    e. previously represented a creditor of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter related to the Debtor's chapter 11 case;

    f. has any connection with the Debtor, its creditors, the Office of the United States Trustee or any employee of that office, or any other parties in interest; or

    g. has any other interest, direct or indirect, that may affect or be affected by the proposed representation.

8. Disclosure with respect to whether Fogel presently or formerly has had any connections with the Debtor, its creditors, or other interested parties, their attorneys and accountants, the Office of the United States Trustee or any employee of that office insofar as I have been able to ascertain is set forth herein.

9. Fogel may have appeared in the past, and may appear in the future, in other cases unrelated to this case where creditors of the Debtor and other interested parties (including the United States Trustee) may have been involved.

10. As indicated in the Retention Agreement, in order to commence its representation of the Debtor, Fogel required the payment of a retainer of $20,000, which, as disclosed in the Lar Dan Affidavit, was paid by Mr. Zabari and Mr. Zabari has agreed to pay all fees and expenses covered by the Retention Agreement and replenish the retainer for future services to be rendered. *See* LAR DAN AFF. ¶ 2.

11. Fogel understands that it is required to file a supplemental statement pursuant to Bankruptcy Rule 2016(b) within 14 days after any other payment is received in relation to the retention proposed herein.

12. Fogel has not agreed to share any portion of compensation received or to be received in connection with the case.

13. Prior to increasing its hourly rates, I, on behalf of Fogel, shall file a supplemental affidavit and provide ten business days' notice to the Debtor, Mr. Zabari, the Office of the United States Trustee and any creditors' committee, which shall include an explanation of the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and a statement as to whether the Debtor has consented to such rate increase.

14. Except as stated herein, neither I nor Fogel, insofar as I have been able to ascertain, represent any interest adverse to the Debtor or its estate with respect to the matter which Fogel is to be employed.

Dated: New York, New York
February 8, 2022

_____
Louis Fogel

4